**James MEDER, Relator,**

v.

**RAPID SPORTS CENTER INC., Respondent,**

**Department of Employment and Economic Development, Respondent.**

**No. A09–219.**

Court of Appeals of Minnesota.

Oct. 13, 2009.

James Meder, New London, MN, pro se, relator.

Rapid Sports Center Inc., Ham Lake, MN, respondent.

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, MN, for respondent Department.

Considered and decided by LANSING, Presiding Judge; SHUMAKER, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.[*]

Relator, a discharged salesman, challenges the determination of the unemployment law judge (ULJ) that relator is not entitled to benefits for weeks during which he earned and was paid more than the benefit amount in commissions on sales made but not finalized during his employment. Because Minn.Stat. § 268.085, subd. 5(a) (2008), precludes receipt of benefits for weeks in which earnings greater than the amount of the benefit are received, we affirm.

## FACTS

In May 2006, relator James Meder began seasonal work as a salesman for respondent Rapid Sports Center, Inc. (RSC), a boat dealership. His employment agreement provided that, in addition to his salary, he would receive a commission for each boat he sold after the sale was final, i.e., when the boat was completely paid for.[1] On 23 September 2007, when relator worked his last day, some of his sales were not yet final.

Relator applied for and began receiving weekly unemployment benefits. Every week, he informed respondent Department of Employment and Economic Development (DEED) that he did not work or receive income from any other source during the week. But he was still receiving commission payments: $706.05 during the week of 23 September 2007; $1,082.13 during the week of 21 October 2007; and $510.35 during the week of 4 November 2007.

In October 2008, DEED asked RSC to list relator's "gross wages earned" during each of the weeks for which he requested benefits. RSC listed the commissions paid during the weeks of 23 September, 21 October, and 4 November 2007.[2] In November 2008, DEED issued a determination that relator had been overpaid $1,323 because his benefit during each of those weeks was less than the amount he received in commissions.

Relator challenged that determination. After a telephone hearing, the ULJ determined that relator was not eligible for benefits for the weeks in which he received commission payments because his earnings for those weeks were in excess of his weekly benefit amount, and he had therefore been overpaid $1,323. Relator requested reconsideration, and the decision was affirmed. Relator contests the decision, asserting that his commissions were earned before he became a recipient of DEED benefits.

## ISSUE

■ When a recipient of unemployment benefits is paid a sales commission that was not earned until after the recipient's discharge from employment, does Minn. Stat. § 268.085, subd. 5 (2008), require that the payment affect the amount of the benefit for the week in which the payment was received?

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

[1] The record includes no written employment agreement, and neither party referred to one. But, when the ULJ said to relator, "[T]echnically, you did the sale while you were employed, but … it wasn't earnings until you were entitled to the commissions[,]" relator responded, "I understand that."

[2] RSC also informed DEED that "pay received during this time was not for hours worked. It was commissions due to [relator] for time he was employed."

## ANALYSIS

This first-impression case presents an issue of statutory construction, which we review de novo. *Houston v. Int'l Data Transfer Corp.*, 645 N.W.2d 144, 149 (Minn.2002).

"There [is] no presumption of entitlement or nonentitlement to unemployment benefits." Minn.Stat. § 268.069, subd. 2 (2008). "If [an] applicant has earnings with respect to any week, from employment ... equal to or in excess of the applicant's weekly unemployment benefit amount, the applicant [is] ineligible for unemployment benefits for that week." Minn.Stat. § 268.085, subd. 5(a) (2008).[3] Because relator's commissions were earnings from employment in excess of his weekly benefit amount, he was ineligible for unemployment benefits for the weeks in which he received the commissions. *See id.*

Relator relies on Minn.Stat. § 268.035, subd. 29 (2008) (defining "wages" to include commissions) and on Minn.Stat. § 268.035, subd. 30(a) (2008), providing that: "Any wages earned but not paid with no scheduled date of payment shall be considered 'wages paid' on the last day of employment." But, under the employment agreement between relator and RSC, RSC had no obligation to pay relator's commissions until after events over which neither relator nor RSC had control; for example, if a purchaser never made the final payment on a sale, RSC would never incur the obligation to pay relator a commission on that sale.

 Although the common law rule is that a commission is earned when a broker "produces a person ready and willing to enter a contract upon his employer's terms, ..." an agreement between the parties supersedes that rule. *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 861 N.Y.S.2d 246, 891 N.E.2d 279, 284–85 (2008). No Minnesota case addresses this specific point. But Minnesota courts have recognized that one form of agreement between the parties is the employment contract, which "may be considered" in determining whether a commission was owed to a discharged employee. *Holman v. CPT Corp.*, 457 N.W.2d 740, 743 (Minn.App.1990), *cited and quoted in Lee v. Fresenius Medical Care, Inc.*, 741 N.W.2d 117, 125 n. 4 (Minn.2007). Relator's employment contract provided that no commission was owed to him until the sale was final. Relator does not assert that he was owed any commissions at the time of his discharge. Thus, relator's commissions were not "wages *earned* but not paid with no scheduled date of payment" under Minn.Stat. § 268.035, subd. 30(a) (emphasis added). Relator earned a commission only when final payment to RSC occurred. Accordingly, the commissions are not considered "wages paid" on the last day of employment. Rather, they were wages earned and paid during three of the weeks for which relator claimed unemployment benefits. Relator's reliance on Minn.Stat. § 268.035, subd. 30(a), is misplaced.

## DECISION

Under Minn.Stat. § 268.085, subd. 5 (2008), relator was not entitled to unemployment benefits for the weeks in which he was paid commissions that exceeded the amount of the benefits.

**Affirmed.**

---

**3.** Minn.Stat. § 268.085, subd. 5(b), also provides that, if the earnings are less than the benefit amount, the benefit amount is reduced by the greater of 25% of the earnings or $50.